IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAHBOD GHAZAN FARI,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION DENYING MOTION TO DISMISS<br><br>Case No. 2:19-CR-223-TC<br><br>Judge Tena Campbell |

In June 2019, a federal grand jury indicted Defendant Mahbod Ghazan Fari on one count of Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); one count of Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); one count of Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1); and one count of Attempted Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). On November 3, 2021, Mr. Fari pled guilty to counts one and five of the indictment. (Minute Entry, ECF No. 51.) In his Statement in Advance of Plea, Mr. Fari "knowingly, voluntarily, and expressly" waived his right to challenge his sentence or to bring a motion for collateral review of his sentence, except on the issue of ineffective assistance of counsel. (Statement in Advance of

Plea ¶ 12(g)(2), ECF No. 56.)  Mr. Fari was sentenced to 120 months in custody and a supervised release term of 60 months.  (Judgment, ECF No. 66.)

Mr. Fari, acting pro se, now brings a motion to dismiss the case for lack of jurisdiction. (Motion to Dismiss, ECF No. 69.)  Such a motion is not proper under the Federal Rules of Criminal Procedure, which allow for motions challenging jurisdiction "while the case is pending."  Fed. R. Crim. P. 12(b)(2).  Mr. Fari has already pled guilty and been sentenced and his case is closed; therefore, his case is no longer pending.

The court liberally construes pro se motions and recognizes that Mr. Fari's motion to dismiss could be viewed as a habeas motion under 28 U.S.C. § 2255.  The federal habeas statute grants a federal "prisoner in custody … the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence …."  Id. § 2255(a).  But the court declines to open a habeas proceeding in this case as it plainly appears from Mr. Fari's motion that he is not entitled to relief.  See Valdez v. United States, No. 2:21-CV-509, 2021 WL 5162565, at *1 (D. Utah Nov. 5, 2021) (citing Rule 4(b), Rules Governing Section 2255 Proceedings in the U.S. District Courts) ("Rule 4 of the Rules Governing § 2255 Proceedings requires the court to promptly examine the motion and dismiss it if it 'plainly appears from the motion, any attached exhibits, and the records of the prior proceedings that the moving party is not entitled to relief.'").

Mr. Fari's central complaint, to the extent the court can discern his argument, is that "there [is] no evidence on the Court docket sheet show[ing] where a grand jury concurred to indict" him.  (Motion to Dismiss 2.)  But the docket does include a sealed indictment, signed by the grand jury foreperson.  (Sealed Indictment, ECF No. 11.)  This signature indicates that the grand jury was properly constituted, that a quorum was present, and that at least 12 members of

the grand jury voted to indict the Defendant as required by law.  It may be that Mr. Fari is confused by the lack of signature on the non-sealed copy of the indictment that is publicly available.  (Indictment, ECF No. 10.)[1]  The court maintains the official indictment under seal in order to protect the identity of members of the grand jury.  See United States v. Procter & Gamble Co., 356 U.S. 677, 681 (1958) (citing cases that elaborate the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts").  The court must not break this secrecy "except where there is a compelling necessity."  Id. at 682.  Mr. Fari has not made such a showing here, as he provides no evidence that there was an irregularity with the grand jury proceedings other than his bald assertion that he was not properly indicted.

Furthermore, as noted above, Mr. Fari waived any collateral review of his conviction, other than for ineffective assistance of counsel, when he pled guilty to two counts of the indictment.  While Mr. Fari also claims that he received ineffective assistance of counsel (Motion to Dismiss 7), his arguments lack merit.  He first claims that his counsel failed to ascertain whether 12 or more members of the grand jury voted to indict.  But, as discussed above, there was a properly executed indictment in this case.  Second, Mr. Fari argues that his counsel failed to object to an improper application of the sentencing guidelines.  But Mr. Fari received a sentence well below the applicable guideline range of 262 to 327 months, one that was the minimum sentence required by statute.  21 U.S.C. § 841(b)(1)(A).  The court therefore finds that Mr. Fari has presented no evidence that he received ineffective assistance of counsel and has waived other challenges to his sentence and conviction.  Accordingly, the court denies

---

[1] Mr. Fari filed a copy of the publicly available docket with his motion.  (ECF No. 69-1.)  That copy does not show any sealed docket entries, such as the sealed indictment.  (ECF No. 11.)

Mr. Fari's motion to dismiss and declines to construe his motion as a motion for relief under 28 U.S.C. § 2255.

## **ORDER**

For the reasons set forth above, the court DENIES the Defendant's Motion to Dismiss (ECF No. 69).

SO ORDERED this 29th day of March, 2023.

BY THE COURT:

_____
TENA CAMPBELL
U.S. District Court Judge
